OSCN Found Document:T.G.L. v. STATE

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

T.G.L. v. STATE2015 OK CR 4344 P.3d 1098Case Number: J-2014-0891Decided: 03/20/2015T. G. L., Appellant, v. STATE OF OKLAHOMA, Appellee.
Cite as: 2015 OK CR 4, 344 P.3d 1098

OPINION

LEWIS, JUDGE:
¶1 Appellant, T. G. L., appeals from an order entered by the Honorable
Rebecca J. Gore, Special Judge, on October 13, 2014, granting the State's motion
to sentence Appellant as an adult and denying Appellant's motion for
certification as a juvenile in Mayes County District Court Case No. YO-2013-3.
An Information was filed on June 13, 2013, charging Appellant, then twenty-five
years old, as a Youthful Offender with Count 1 - Forcible Sodomy, 21 O.S.2011, § 888, a felony, and
Count 2 - Lewd Molestation, 21
O.S.2011, § 1123, a felony. These crimes were alleged to have been committed
in 2004 when Appellant was fifteen years old and the female victim was eight
years old.
¶2 Following hearings on August 28, 2014, October 1, 2014, and October 9,
2014, Judge Gore denied Appellant's motion to dismiss, granted the State's
motion to sentence Appellant as an adult, denied Appellant's motion for
certification as a juvenile, and bound Appellant over for trial. Judge Gore's
proceedings were well reasoned, anticipated the issues raised herein, and the
order issued was very thorough. This Court granted Appellant's application for a
stay of proceedings in the District Court on October 31, 2014.
¶3 Pursuant to Rule 11.2(A), Rules of the Oklahoma Court of Criminal
Appeals, Title 22, Ch.18, App. (2015), this appeal was automatically
assigned to the Accelerated Docket of this Court. Oral argument was held January
22, 2015, pursuant to Rule 11.2(E). On appeal Appellant raises the following
propositions of error:

1. The trial court erred in not granting the Appellant's motion to
dismiss alleging the trial court had no jurisdiction to conduct the
prosecutive merit hearing and the certification hearing due to the
Appellant's age at the time of the filing of the Information.
2. The trial court erred in granting the Appellee's motion to certify the
Youthful Offender as an adult.
¶4 Appellant was charged at age twenty-five for crimes allegedly committed
when he was fifteen. The victim was eight or nine years old at the time of the
alleged acts. The victim, now eighteen, alleged Appellant touched her vaginal
area and held a pocketknife against her neck and forced her to perform oral
sodomy. She testified that Appellant threatened her and her family if she said
anything to anyone, resulting in the delay in reporting these alleged crimes.
Judge Gore found, and all parties agree, that the delay in the reporting and
charging of these alleged crimes was not caused by the State.
¶5 The delay in charging Appellant is a significant factor in this appeal.
The Youthful Offender Act defines a youthful offender as a person under eighteen
years of age "who is charged with" one of the crimes enumerated in the Youthful
Offender Act. 10A O.S.2011, §§ 2-5-202(A)(1); 2-5-205(A), (B); 2-5-206(A), (B).
The purpose of the Youthful Offender Act is to ensure the public safety by
holding youths accountable for the commission of serious crimes while affording
courts methods of rehabilitation for those youths. 10A O.S.2011, §
2-5-202(B).
¶6 Title 10A O.S.2011, § 2-2-102(B)(3) allows juvenile proceedings to be
filed before a child reaches eighteen years of age or within one year after the
date of the eighteenth birthday of the child if the underlying act would
constitute a felony if committed by an adult, or within six months after the
date of the eighteenth birthday if the underlying act would constitute a
misdemeanor if committed by an adult. Section 2-1-103(6) of Title 10A defines a
child or a juvenile as any person under eighteen years of age. The purpose of
the laws relating to juveniles alleged or adjudicated to be delinquent is to
promote the public safety and reduce juvenile delinquency. 10A O.S.2011, §
2-1-102.
¶7 Both the Youthful Offender Act and the Juvenile System are designed to
give juveniles the opportunity for treatment and rehabilitation under the
supervision of the Office of Juvenile Affairs. Statutory constraints prohibit
Appellant from receiving any treatment as either a juvenile or a Youthful
Offender. 10A O.S.2011, § 2-2-102(B)(2)-(B)(3); 10A O.S.2011, § 2-5-207. As set
forth in Edwards v. State, 1979
OK CR 18, ¶ 12, 591 P.2d 313,
317-318, juvenile certification is statutory and not a constitutional right. The
provisions for juveniles and the Youthful Offender Act were created for the
benefit of children and the opportunities for treatment therein are statutorily
limited to those under nineteen years of age.
¶8 Appellant was twenty-five years old when he was charged with the offenses
alleged in this case, and is now twenty-seven years old. Therefore, Appellant is
not a Youthful Offender as defined by statute and is thus ineligible for
certification or treatment as a Youthful Offender.
¶9 Appellant was charged as a Youthful Offender and Judge Gore granted the
State's motion to sentence Appellant as an adult. This was procedurally
incorrect as Appellant was statutorily ineligible for Youthful Offender status
and should have been initially charged as an adult.
¶10 Appellant filed a motion for certification as a juvenile which was denied
by Judge Gore. The burden to sustain a motion to be remanded to the juvenile
system falls upon the accused. "Whether or not the proof is sufficient lies
within the discretion of the magistrate; and on appeal, the magistrate's ruling
will not be disturbed absent an abuse of discretion." J.D.P. v. State, 1999 OK CR 5, ¶ 6, 989 P.2d 948, 949. Judge Gore
considered the criteria dictated by Section 2-5-206 of Title 10A, denied
Appellant's motion, and the record supports her decision.
¶11 Based upon the facts in this case, Appellant should not be allowed to
benefit from any delay in reporting. We find Appellant should be charged as an
adult. There are no statutory provisions prohibiting Appellant, in this type of
case, from being charged as an adult. We also find nothing which prevented
Appellant in this case from filing a motion for certification as a juvenile.
See Wright v. State, 2001 OK
CR 19, ¶ 15, 30 P.3d 1148,
1151. He has filed that motion, been provided a hearing on the motion, and the
trial court has denied the motion.
DECISION
¶12 The order of the District Court of Mayes County denying Appellant's
motion for certification as a juvenile is AFFIRMED. The District Court's
order granting the State's motion for sentencing as an adult is VACATED
and the matter is REMANDED to the District Court for further adult
criminal proceedings. The stay of proceedings imposed by this Court in an Order
issued October 31, 2014, is hereby LIFTED. Pursuant to Rule 3.15,
Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App.
(2015), the MANDATE is ORDERED issued upon the filing of this
decision.
AN APPEAL FROM THE DISTRICT COURT OF MAYES
COUNTY,THE HONORABLE REBECCA J. GORE, SPECIAL JUDGE
APPEARANCES AT
TRIAL                                     
APPEARANCES ON APPEAL
 

CHARLES A. RAMSEYCHARLES A. RAMSEY PLLC226 E. GRAHAM
AVE.PRYOR, OKLAHOMA 74361
COUNSEL FOR DEFENDANT
 
GLEN DRESBACKASSISTANT DISTRICT ATTORNEYMAYES
COUNTYDISTRICT ATTORNEY'S OFFICEPRYOR, OKLAHOMA 74361
COUNSEL FOR THE STATE

CHARLES A. RAMSEYCHARLES A. RAMSEY PLLC226 E. GRAHAM
AVE.PRYOR, OKLAHOMA 74361
COUNSEL FOR APPELLANT
 
R. BRIAN SURBERASSISTANT DISTRICT ATTORNEYDISTRICT ATTORNEY'S
OFFICE1 COURT PLAZA, SUITE 250PRYOR, OKLAHOMA 74361
COUNSEL FOR THE STATE

OPINION BY: LEWIS, J.SMITH, P.J.: ConcurLUMPKIN, V.P.J.:
ConcurJOHNSON, J.: Concur

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Criminal Appeals Cases
 CiteNameLevel

 1979 OK CR 18, 591 P.2d 313, EDWARDS v. STATEDiscussed
 2001 OK CR 19, 30 P.3d 1148, 72 OBJ 1998, WRIGHT v. STATEDiscussed
 1999 OK CR 5, 989 P.2d 948, 70 OBJ 473, J.D.P. v. StateDiscussed
Title 21. Crimes and Punishments
 CiteNameLevel

 21 O.S. 888, Forcible SodomyCited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16Cited